UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

TUGANA BOYNUINCE and MADISON BITTING,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

JAAFAR LLC D/B/A LA V NIGHTCLUB,
a Florida Corporation, and FADI JAAFAR,
individually,

      Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and sue the Defendants, JAAFAR LLC D/B/A LA V NIGHTCLUB (hereinafter, referred to as "LAV"), and FADI JAAFAR, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiffs, former employees of the Defendants, brings this action on behalf of themselves and all others similarly situated, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiffs were non-exempt employees hired by the Defendants on an hourly basis, but the Defendants willfully refused to (1) compensate the Plaintiffs for all work performed in direct contravention of the law; and (2) compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

1

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiffs were and are presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiffs, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, FADI JAAFAR, individually, acted directly in the interests of his employer, the Defendant, LAV, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, LAV, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, LAV, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiffs were 'engaged in commerce' within the meaning of the FLSA and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.[1]

---

[1] A Plaintiff "need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his." Ceant v. Aventura Limousine, Inc., 874 F. Supp. 2d 1373, 1378–79 (S.D. Fla. 2012); see Daniel v. Pizza Zone, Inc., 2008 WL 793660, at *2 (M.D.Fla. 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted). Pleading that a defendant's "gross annual revenues meet this threshold on 'information and belief,'…is enough." Id.; Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts, 2010 WL 114001, at *3 (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal); cf. Vierra v. Sage Dining Servs., Inc., 2010 WL 4867557, at *3 (M.D.Fla. 2010) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000.").

9. That on or about December of 2020 and February of 2021, the Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, were hired, respectively, as servers for the Defendants nightclub.

10. During their employment, Defendants had Plaintiffs, non-exempt employees under the FLSA, work for Defendants in excess of forty (40) hours per week. However, the Defendants willfully refused to compensate the Plaintiffs, and all others similarly situated, for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, as required by the FLSA.

11. Defendants also failed to properly track and maintain all records concerning the number of hours actually worked by Plaintiffs and therefore, Plaintiffs are unable to state at this time the exact amount due.

12. That Plaintiffs, however, will exert their collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiffs.

## COUNT I
## FLSA MINIMUM WAGES – LAV

Plaintiffs, on behalf of themselves and all others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiffs are entitled to minimum wage for hours worked pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Defendant, LAV, in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, LAV, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA OVERTIME – LAV

Plaintiffs, on behalf of themselves and all others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

15. That Plaintiffs are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Defendant, LAV, in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, LAV, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA MINIMUM WAGES –FADI JAAFAR

Plaintiffs, on behalf of themselves and all others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

17. That Plaintiffs are entitled to minimum wage pursuant to the FLSA.

18. That by reason of the intentional, willful and unlawful acts of the Defendant, FADI JAAFAR, in violation of the FLSA, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, FADI JAAFAR, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA OVERTIME –FADI JAAFAR

Plaintiffs, on behalf of themselves and all others similarly situated, incorporate by reference

the allegations contained in paragraphs 1 through 12 of this Complaint.

19. That Plaintiffs are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

20. That by reason of the intentional, willful and unlawful acts of the Defendant, FADI JAAFAR, in violation of the FLSA, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, FADI JAAFAR, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, TUGANA BOYNUINCE and MADISON BITTING, demand trial by jury.

Dated: July 8, 2022.    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920